```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PUES FAMILY TRUST IRA, BY MICHAEL PUES,           Index No.: 11-CV-05537
EXECUTOR OF THE ESTATE,
                                                  PLAINTIFF'S REPLY IN
                    Plaintiff,                    FURTHER SUPPORT OF
                                                  ITS PROPOSED
          -against-                               FINDINGS OF FACT
                                                  AND CONCLUSIONS OF
PARNAS HOLDINGS INC. and LEV PARNAS,              LAW
INDIVIDUALLY,

                    Defendants.
------------------------------------------------------------------------X
```

Plaintiff, the Pues Family Trust IRA by Michael Pues, Executor of the Estate ("Plaintiff" or "Pues") hereby submits the following Reply In Further Support of Its Proposed Findings of Fact and Conclusions of Law following the non-jury trial of this case held on April 27, 28, and 29, 2015.

**Findings of Fact**

1. Plaintiff objects to Defendants' summary statement that "Without Defendants' knowledge, Mr. Pues had borrowed a substantial portion of the delivered to Parnas Holdings, or paid on its behalf, from the Plaintiff trust. As a result, Mr. Pues fabricated the alleged facts of the loans at issue here, in order to avoid personal liability for his misappropriation of Plaintiff's assets, through Mr. Pues' capacity as trustee" on the basis that it is not supported by the evidence submitted at trial. Defendants' Proposed Findings of Fact, ¶ 2(d).

2. Plaintiff objects to Defendants' summary statement that "After Mr. Pues disclosed his malfeasance to the Defendants, discussions were had relating to converting Mr. Pues' equity investment in Parnas Holdings into a loan from the Plaintiff estate, however no such conversion

was ever formalized or agreed to", on the basis that it is not supported by the evidence submitted at trial. Defendants' Proposed Findings of Fact, ¶ 2(e).

3. Plaintiff objects to Defendants' proffered finding of fact that "the State of Florida Off-Highway Vessel Sale Agreement, by and between Parnas Holdings and Michael Pues, dated January 24, 2011 (the 'Boat Sale Agreement')" is relevant to the dispute on the basis that it is irrelevant to the issues in this case, specifically, as to whether or not there was a breach of contract and whether Defendants' repaid the sum of the loan to Plaintiff. Defendants' Proposed Findings of Fact, ¶ 5(c).

4. Plaintiff objects to Defendants' proffered finding of fact that "The Plaintiff failed to produce any agreement relevant to a purchase of any interest in the Film by either Pues or the Plaintiff" on the basis that the interest in the Film was purchased through Parnas Holdings. P. 288, L. 14 – 25, Defendant's Proposed Findings of Fact, ¶ 14.

5. Plaintiff objects to Defendants' proffered finding of fact that "The IRS has not, to date, assessed any penalties against the Plaintiff in connection with the monies at dispute in this litigation" on the basis that it mischaracterizes the testimony of Plaintiff. Defendants' Proposed Findings of Fact, ¶ 12. Specifically, Plaintiff clarified the testimony in question, stating that "It was just an estimate. That's all we could have is an estimate with the IRS." P. 193, L. 8-15. Further, a penalty could not have been assessed as the taxes for that year had not yet been submitted. P. 198, L. 1-3. Plaintiff further clarifies that his mother, Mary Pues, is the beneficiary of the Plaintiff Trust. P. 193, L. 7-15.

6. Plaintiff objects to Defendants' proffered finding of fact that "Pues' April 17, 2011, email relating to $161,000 in IRS penalties assessed to the Plaintiff Trust (Plaintiff's Exhibit 1, P. 002) was false" on the basis that Plaintiff clarified in his testimony at trial that the

$161,000 figure was an estimate based on calculations determined by the accountant. P. 193, L. 7-15. Defendants' Proposed Findings of Fact, ¶ 13.

7.  Plaintiff accepts and stipulates to Defendants' proffered finding of fact that "…Parnas Holdings Holdings agreed to convert Pues' investment into a partial loan to the Plaintiff Trust". Defendants' Proposed Findings of Fact, ¶ 14.

8.  Plaintiff objects to Defendants' proffered finding of fact that "On or about January 24, 2011, Pues transferred a Marine Vessel (the 'Boat') to Parnas Holdings pursuant to a Marine Vessel Sales Agreement (The 'Boat Sale Agreement')" on the basis that it is irrelevant to the issue as to whether or not there was a breach of contract and whether Defendants' repaid the sum of the loan to Plaintiff. Defendants' Proposed Findings of Fact, ¶ 16.

9.  Plaintiff objects to Defendants' proffered finding of fact that "The Boat Sale Agreement was entered into, on its face, for no consideration" based on Plaintiff's testimony that Defendant Parnas wished to purchase his boat for $100,000. P. 48, L. 25 – P. 49, L. 1. Defendants' Proposed Findings of Fact, ¶ 17.

10. Plaintiff objects to Defendants' proffered finding of fact that "The Boat Sale Agreement was entered into, in part, as consideration for Pues' obligations to Parnas Holdings, in accordance with the Subscription Agreement" based on Plaintiff's testimony that Defendant Parnas wished to purchase his boat for $100,000. P. 48, L. 25 – P. 49, L. 1. Defendants' Proposed Findings of Fact, ¶ 18.

11. Plaintiff objects to Defendants' proffered finding of fact that "An initial $100,000 paid by Pues to the Film in connection with Pues' obligations to Parnas Holdings, in accordance with the Subscription Agreement" on the basis that, as written, the statement does not proffer any

cognizable fact for consideration and appears to be incomplete. Defendants' Proposed Findings of Fact, ¶ 19.

12. Plaintiff objects to Defendants' proffered finding of fact that "An additional $350,000 paid by Pues to the Plaintiff, in accordance with the Subscription Agreement" on the basis that, as written, the statement does not proffer any cognizable fact for consideration and appears to be incomplete. Defendants' Proposed Findings of Fact, ¶ 20.

13. Plaintiff objects to Defendants' proffered finding of fact that "All sums addressed in this matter were invested in accordance with the Subscription Agreement" based on Rudy Durand's testimony that although Defendant Parnas signed the deal memo on behalf of Defendant Parnas Holdings, that Mr. Durand did not receive the full amounts due to Koala Productions under said agreement. P. 288, L. 14 – P. 289, L. 2. Defendants' Proposed Findings of Fact, ¶ 21.

14. Plaintiff objects to Defendants' proffered finding of fact that "Pues was a sophisticated investor, speculating on all manner of investment" based on Mr. Pues' own testimony regarding his knowledge and net worth. P. 44, L. 2-11. Defendants' Proposed Findings of Fact, ¶ 22.

15. Plaintiff objects to Defendants' proffered finding of fact that the name of Mr. Pues' boat is indicative of his financial knowledge as irrelevant to the issue as to whether or not there was a breach of contract and whether Defendants' repaid the sum of the loan to Plaintiff. Defendants' Proposed Findings of Fact, ¶ 22.

16. Plaintiff objects to Defendants' proffered finding of fact that "Parnas Holdings only owed, at maximum, $250,000, to the Film" on the basis of Rudy Durand's testimony that

Defendant Parnas Holdings committed $500,000 to the Film. P. 288, L. 4-12 and P. 288, L. 25 – P. 290, L. 4. Defendants' Proposed Findings of Fact, ¶ 23.

17. Plaintiff objects to Defendants' proffered finding of fact that "Parnas Holdings had already paid $100,000 to the Film" based on Rudy Durand's testimony that the initial $100,000 was wired by Pues to Koala Productions. P. 298, L. 3-18. Defendants' Proposed Findings of Fact, ¶ 24.

18. Plaintiff objects to Defendants' proffered finding of fact that "Parnas Holdings only owed $150,000 to the Film" based on Rudy Durand's testimony that Parnas Holdings made a commitment of $500,000 to the Film, and that the initial $100,000 was wired by Pues to Koala Productions on or around January 15, 2011, leaving a balance of $400,000 to be paid by Parnas. P. 298, L. 3-18. Defendants' Proposed Findings of Fact, ¶ 25.

19. Plaintiff objects to Defendants' proffered finding of fact that "Plaintiff has failed to prove that Pues had the capacity to act on Plaintiff's behalf in connection with the matters at dispute herein. Specifically, the Plaintiff has failed to establish that Mary Pues is unable to serve as Trustee in accordance with ¶ 5 of the Trust. Plaintiff's Exhibit 10, P. 0125. Furthermore, the Trustee of the Plaintiff Trust lacks the authority to enter into loans of the type at dispute herein, pursuant to Article 6.1(A) – E of the trust document" on the basis that not only is this statement irrelevant due to Defendants' acknowledgement of receipt of the funds from Plaintiff, and that if Defendants' believed that Mr. Pues did not have the authority to transfer these funds, Defendants should not have accepted them, but also based on the fact that the Trust documents provide that Pues has "the general power to perform all other acts necessary for the proper management, investment, distribution of the trust property." P. 205, L. 18 – P. 206, L. 5. Defendants' Proposed Findings of Fact, ¶ 26. Further, Mary Pues, the beneficiary of the Trust, has submitted a sworn

5

affidavit affirming that Mr. Pues had the authority to perform these acts. P. 414, L. 2 – P. 17 and D.E. 44.

20. Plaintiff accepts and stipulates to Defendants' proffered finding of fact that "Defendant Lev is, at best, a guarantor of the alleged loan at issue." Defendants' Proposed Findings of Fact, ¶ 29.

21. Plaintiff accepts and stipulates to Defendants' proffered finding of fact that there was an "acknowledgement by Parnas Holdings of the loan at issue herein." Defendants' Proposed Findings of Fact, ¶ 30.

22. Plaintiff objects to Defendants' proffered finding of fact that Pues made "falsified email representations" as a mischaracterization of evidence and testimony. Defendants' Proposed Findings of Fact, ¶ 30. Plaintiff clarified the testimony in question, stating that "It was just an estimate. That's all we could have is an estimate with the IRS." P. 193, L. 8-15.

23. Plaintiff objects to Defendants' proffered finding of fact that "Presently, the value of the points in the Film is 'much higher' than they were in 2011" on the basis that Rudy Durand's testimony in this regard has been completely mischaracterized and taken out of context. Defendants' Proposed Findings of Fact, ¶ 31. Mr. Durand went on to clarify that he did not have any information regarding the actual worth of the points, such information is confidential and a trade secret, and that he was solely "testifying to information regarding the loan." P. 337, L. 10-23. Plaintiff further objects to Defendants' proffered finding of fact on the basis that it is irrelevant to the issue as to whether or not there was a breach of contract and whether Defendants' repaid the sum of the loan to Plaintiff.

## Conclusions of Law

### Breach of Contract

24. Plaintiff accepts and stipulates to Defendants' proffered finding of fact that "Plaintiff may have successfully asserted a cause of action sounding in breach of Contract against Parnas Holdings…" Defendants' Proposed Findings of Fact, ¶ 33.

### Fraudulent Inducement of Contract

25. Plaintiff objects to Defendants' proffered finding of fact that "the terms "rely" and/or "relied" is not used once by the Plaintiff in its testimony with respect to the alleged loan" on the basis that Mr. Pues testified with regards to his understanding of Lev's role with respect to the loan and its guarantee, that he relied on Mr. Parnas' statements that the money would be returned. Specifically, Mr. Pues was asked "Did you rely on Mr. Parnas and the statements that Mr. Parnas made to you?" to which Mr. Pues relied "Yes, very much so." P. 255, L. 2-18.

### Unjust Enrichment

26. Plaintiff objects to Defendants' proffered finding of fact that "Presently, the value of the points in the Film is 'much higher' than they were in 2011" and that "No valuation of these points (other than their appreciable increase asserted by Mr. Durand) has been offered by the Plaintiff" on the basis that Defendants have purported to accept that there was a loan transaction between Plaintiff and Defendants. Defendants' Proposed Findings of Fact, ¶ 45. Plaintiff further objects on the grounds that a showing of whether the points in the Film are sufficient collateral is not a burden of proof which is borne by the Plaintiff as Plaintiff has not requested and/or sought relief to accept such collateral in lieu of the actual loan amount paid to Defendants.

**DATED** on this the 17th day of August, 2015.

                                                                 Respectfully Submitted,

                                                  /s/ Robert J. Hantman
                                                  Robert J. Hantman, Esq. (RH-3947)
                                                  HANTMAN & ASSOCIATES
                                                  1120 Avenue of the Americas, 4th Floor
                                                  New York, New York 10036
                                                  (P) 212-684-3933
                                                  (F) 646-380-3299
                                                  (C) 917-693-7444
                                                  rhantman@hantmanlaw.com
                                                  *Attorneys for Plaintiff*


## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was e-mailed and mailed on this 17th day of August, 2015 to the following:

Richard L. Yellen
Brian C. Kombol
Richard L. Yellen & Associates, LLP
111 Broadway, 11th Floor
New York, NY 10006
(P) 212-404-6988
(F) 212-404-7857
ryellen@yellenlaw.com
bkombol@yellenlaw.com


                                                  /s/ Robert J. Hantman
                                                  Robert J. Hantman, Esq.